■ In the Matter of LEE W., Alleged to be a Juvenile Delinquent, Appellant. JOHN F. O'MARA, as Chemung County Attorney, Respondent.—Weiss, J. P. Appeal from an order of the Family Court of Chemung County (Frawley, J.), entered May 19, 1988, which, in a proceeding pursuant to Family Court Act article 3, amended a prior order of supervision and placed respondent in the custody of the Division for Youth.

On June 24, 1986 respondent, then 12 years old, was placed in the custody of the State Division for Youth (hereinafter

DFY) for 18 months after being adjudicated a juvenile delinquent *(see,* Family Ct Act § 352.2 [1] [c]). By order entered December 22, 1987, Family Court authorized a 12-month placement extension "for supervision only" and respondent was returned to his father's care *(see,* Family Ct Act § 355.3). Thereafter, in March 1988, DFY filed a violation petition contending that respondent failed to attend school, obey the rules at school and abide by his father's supervision. Respondent admitted the charge in exchange for the withdrawal of an unrelated juvenile delinquency petition and, by order entered May 19, 1988, Family Court amended the previous extension order by canceling the supervision directive and returning respondent to the custody of DFY for the remainder of his term, ending December 21, 1988. This appeal followed.

Respondent's principal contention is that the May 19, 1988 revocation order was "illegal" because the previous order of supervision failed to specify what the conditions of supervision were. As such, respondent maintains that he was never notified of what conduct was prohibited. The contention is not persuasive. We recognize that in an instance where DFY opts to release a child to his parent's custody, that child must be duly informed orally and in writing of the terms of his release and the potential grounds for revocation *(see,* Executive Law § 523; 9 NYCRR 169.1, 169.2). DFY cannot disregard these requirements *(see,* 2 NY Jur 2d, Administrative Law, § 107, at 160-161). The December 1987 supervision directive, however, was issued from Family Court, not DFY. In extending placement, Family Court was clearly authorized to place respondent in his own home (Family Ct Act § 353.3 [1]; § 355.3). Unlike instances where the court conditionally discharges a child or places him on probation, the authorizing statute does not specifically mandate that a child receive written notice of the conditions of a home placement (Family Ct Act § 353.3 [1]; *compare,* Family Ct Act § 353.1 [2], [4] [conditional discharge]; § 353.2 [2], [3], [5] [probation]). Moreover, a 12-year-old child would certainly understand the obligation to attend school and obey his parents. Accordingly, we cannot agree that Family Court's failure to specify the terms of supervision in the December 22, 1987 order rendered that directive and the subsequent violation order illegal. Nor can we accept respondent's further challenge that the May 19, 1988 violation order was deficient for failing to direct DFY how to place the child. This argument ignores Family Court's initial order directing DFY to place respondent in a school or center pursuant to Executive Law §§ 510 and 511 *(see,* Family Ct Act § 353.3 [3] [b]). A repetition of this directive was not necessary.

Order affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.